IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ABBAS SHAMSABADI )
)
v. ) NO. 3-11-0017
) JUDGE CAMPBELL
ACCOR NORTH AMERICA, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 34). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff, an Iranian-American male, is a former employee of Defendant Accor North America, which does business as Motel 6. Plaintiff alleges that, while he worked for Defendant, he was discriminated against because of his race and national origin. Plaintiff also avers that he was subjected to derogatory racial slurs by his co-workers. Plaintiff contends that he reported this hostile work environment to Defendant, but no corrective action was taken. Plaintiff also claims that, after he complained about the racial harassment, Defendant retaliated against him by falsely accusing him of inappropriate conduct, scrutinizing his work performance excessively, transferring him to a different location, and ultimately terminating his employment.

Plaintiff's Amended Complaint (Docket No. 21) sets forth claims for violations of 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and Tenn. Code Ann. §§ 4-21-101, *et seq.* ("the THRA").

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## HOSTILE WORK ENVIRONMENT

The United States Supreme Court has held: "Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Savings Bank v. Vinson*, 106 S.Ct. 2399, 2405 (1986). A plaintiff may establish a violation of Title VII by proving

that discrimination based on race has created a hostile or abusive work environment. *Id*. Not all offensive conduct is actionable as harassment. A "recurring point" in the Supreme Court's opinions is that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 118 S.Ct. 2275, 2283-84 (1998).

To establish a *prima facie* case of hostile work environment based on race, Plaintiff must show that (1) he is a member of a protected class, (2) he was subjected to unwelcome harassment, (3) the harassment was based on race, (4) the harassment had the effect of unreasonably interfering with his work performance by creating an intimidating, hostile or offensive work environment, and (5) the existence of employer liability. *Neuman v. Federal Express Corp.*, 266 F.3d 401, 405 (6th Cir. 2001).[1]

To assess the fourth prong of the test, the Court must examine the totality of the circumstances. *Barrett v. Whirlpool Corp.,* 556 F.3d 502, 515 (6th Cir. 2009). The Court should consider the frequency of the conduct, its severity, whether it was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with the employee's work performance. *Id*.

Employer liability for co-worker harassment is based directly on the employer's conduct. *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 804, n. 11 (6th Cir. 1994). When a plaintiff alleges harassment by co-workers, the test is whether the employer "knew or reasonably should have

---

[1] The claims raised under the THRA and § 1981 are analyzed under the same framework as Title VII. *Martin v. Boeing-Oak Ridge Co.,* 244 F.Supp. 2d 863, 866 (E.D. Tenn. 2002).

known of the charged sexual harassment and failed to implement prompt and appropriate corrective action." *Fleenor v. Hewitt Soap Co.*, 81 F.3d 48, 50 (6th Cir. 1996).

Plaintiff's Amended Complaint alleges that he was subjected to derogatory slurs by co-workers, such as "towel head" and "sand nigger." Docket No. 21, ¶ 10. In response to Defendant's Motion for Summary Judgment, Plaintiff alleges the following derogatory slurs: (1) Mike Meyer, a co-worker, called Plaintiff a "towel head" on two occasions; (2) Penny, a maintenance worker who was a subordinate to Plaintiff,[2] referred to Plaintiff on more than one occasion as a "towel head;" and (3) Mr. Poole, an area maintenance worker, once called the Plaintiff a "towel head."[3] Docket Nos. 39 and 41.

Plaintiff also claims that other employees accused him of inappropriate conduct, mistranslated his words to another employee, and tried to steal his customers and interfere with his Motel 6. Plaintiff alleges that this harassment was because of his race. Defendant argues that Plaintiff has not shown that these incidents were based upon his race or national origin.

For purposes of summary judgment, Plaintiff has adequately shown that he is a member of a protected class, that he was subjected to some harassment, and that at least some of that harassment was based upon his race. The Court finds, however, that Plaintiff has not shown that the alleged harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

---

[2] Plaintiff has admitted that, as a General Manager or Relief Manager, he supervised the employees working at the property, which included the authority to discipline and fire those employees. Docket No. 40, ¶¶ 11-12.

[3] The two examples cited by Plaintiff involving guests of the Motel 6 are hearsay and not in an admissible form to be considered on this Motion for Summary Judgment.

Plaintiff admits that, when he reported the actions of Mr. Meyer, Meyer apologized, offered to take him to lunch and was given written counseling. Docket No. 40, ¶¶ 56 and 58. After these incidents, Plaintiff had no other issues or contact with Mr. Meyer. *Id*., ¶ 57.

When Plaintiff reported the incident with Mr. Poole, his Area Manager contacted Defendant's Director of Human Resources, who investigated the situation by talking to Poole and other employees. Because Defendant was unable to substantiate the allegations, no disciplinary action was taken against Poole. *Id*., ¶¶ 33-36. Poole was removed from working at the same property with Plaintiff, and Poole made no further inappropriate remarks to Plaintiff. *Id*., ¶ 37.

The allegations of Plaintiff, considered in total, do not create a "severe and pervasive hostile work environment. In any event, when Plaintiff reported the incidents, Defendant took action and the particular conduct stopped.[4] An employer is liable for co-worker harassment only if it fails to take appropriate remedial action, and Defendant took timely and appropriate action in this case. An employer's response is generally adequate if it is "reasonably calculated to end the harassment." *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 340 (6th Cir. 2008).

Plaintiff's allegations do not evidence a workplace permeated with discriminatory intimidation, ridicule, and insult that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.* 510 U.S. 17, 21 (1993).

For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's hostile work environment claim is GRANTED, and that claim is dismissed.

---

[4] There appears to be no evidence that Defendant took action with regard to Penny, but as noted above, Plaintiff was her supervisor and could have disciplined her himself.

## RETALIATION

To establish a *prima facie* case of unlawful retaliation, Plaintiff must demonstrate that (1) he engaged in activity that Title VII was designed to protect; (2) Defendant knew that he engaged in this activity; (3) Defendant took an employment action against him which a reasonable employee would have found to be materially adverse; and (4) a causal connection existed between the protected activity and the adverse employment action. *Ellsworth v. Pot Luck Enterprises, Inc.*, 624 F.Supp.2d 868, 881 (M.D. Tenn. 2009).

In response to the Motion for Summary Judgment, Plaintiff has failed to set forth any arguments concerning his retaliation claims. Failure to file a timely response to a motion indicates there is no opposition to the motion. Local Rule 7.01(b). The Court cannot rely upon the Amended Complaint alone. As noted above, in response to a Motion for Summary Judgment, Plaintiff must come forward with some evidence on which a jury could reasonably find for him on this issue. *Rodgers*, 344 F.3d at 595. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment. *Id*. Plaintiff has not met this burden.

The Court has reviewed the Defendant's Motion for Summary Judgment and supporting documents, pursuant to *Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998), and finds that Defendant has carried its burden to show that there are no disputed issues of fact and that Defendant is entitled to judgment as a matter of law on Plaintiff's retaliation claim.

Therefore, Defendant's Motion for Summary Judgment on Plaintiff's retaliation claims is GRANTED, and those claims are dismissed.

## DISCRIMINATION

To establish a *prima facie* case of discrimination, in the absence of direct evidence of discrimination, the Plaintiff must show: (1) that he was in a protected class or minority; (2) that he was qualified for the position; (3) that despite these qualifications, he was subjected to an adverse employment decision; and (4) that he was replaced by someone outside of the protected class or that similarly situated non-protected employees were treated more favorably. *Evans v. Walgreen Co.*, 813 F.Supp.2d 897, 918 (W.D. Tenn. 2011); *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004).

Plaintiff's Response to the Motion for Summary Judgment as to racial discrimination is almost entirely a recitation of the legal standards for establishing such a claim. Plaintiff claims that when he complained about the racial harassment, Defendant did not investigate his claims as it did with non-Iranian-American employees, but he fails to support this allegation with facts. Plaintiff has admitted that Defendant took action with regard to Mr. Meyer and Mr. Poole (as set forth above), and the employee named Penny was under Plaintiff's supervision.

The only other factual allegation set forth in Plaintiff's response concerning discrimination is an assertion that the issue here is whether Plaintiff's failure to be promoted was racially motivated. Docket No. 39, p. 14. Plaintiff's Amended Complaint does not include a failure to promote claim.

The Court finds that Plaintiff has failed to offer sufficient evidence to show a genuine issue of material fact as to his discrimination claim. Specifically, Plaintiff has not shown that similarly situated, non-protected employees were treated more favorably than he.

Alternatively, Defendant has articulated a legitimate, nondiscriminatory reason for Plaintiff's termination.[5] Defendant asserts that Plaintiff was fired because he had exhausted all his available leave. Plaintiff has failed to show that that reason was pretextual. Plaintiff does not deny that he began his leave under the Family and Medical Leave Act on April 9, 2010, that he was granted additional leave of more than thirty days, and that he never provided Defendant with a date he planned to return to work. Docket No. 40, ¶¶ 110, 114 - 118. Moreover, Plaintiff has admitted that, as of February 29, 2012, Plaintiff had still not been cleared by a doctor to return to work. *Id*., ¶ 119.

Plaintiff has not shown that non-protected employees were allowed more medical leave than he or that non-protected employees were allowed to take indefinite medical leave. He has not shown that he was even able to return to work when or after his employment was terminated. Plaintiff has failed to show a genuine issue of material fact indicating that Defendant's reason for ending his employment was pretextual.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 34) is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[5] As pointed out by Defendant, Plaintiff has failed to respond at all to Defendant's Motion for Summary Judgment concerning Plaintiff's reassignment to a different location, so the discrimination claim related to that action by Defendant is dismissed for the same reasons set forth above as to Plaintiff's retaliation claim.